IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Jerome Schmitz, | ) |
| | ) |
| Plaintiff, | ) Civil No. 1:19-cv-016 |
| | ) |
| vs. | ) **COMPLAINT AND JURY DEMAND** |
| | ) |
| 4-TB, Inc. and Nelson Centeno, | ) |
| | ) |
| Defendants. | ) |

COMES NOW, the Plaintiff, by and through his attorneys for his *Complaint* states and alleges as follows:

## I. PARTIES, JURISDICTION AND VENUE

¶1. Plaintiff is a resident of San Antonio, Texas.

¶2. Defendant 4-TB, Inc. (hereinafter "4-TB") is a foreign corporation not authorized to do, but was doing, business in the State of North Dakota.

¶3. Defendant Nelson Centeno (hereinafter "Centeno") is a resident of Kuna, Idaho.

¶4. Defendants Centeno and 4-TB will be collectively referred to as Defendants unless otherwise specified.

¶5. This Court has jurisdiction over the parties and controversy pursuant to 28 U.S.C. §1332 because Plaintiff and Defendant have diversity of citizenship and the amount in controversy is greater than $75,000.00. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

## II. FACTUAL BACKGROUND

¶6. On or about May 6, 2013, Plaintiff was the driver of a camper that was traveling westbound on County Road 6 near Williston North Dakota. Centeno was operating a tractor-trailer, owned by 4-TB, and traveling northbound on County Road 9.

¶7.     Centeno was acting in the course and scope of his employment with 4-TB.

¶8.     Centeno suddenly, violently, and without warning disregarded a stop sign that controlled his path of travel and proceeded into the intersection of County Road 6 and County Road 9, striking Plaintiff's vehicle.

¶9.     4-TB is the registered owner of the vehicle and tractor-trailer involved in the collision.

¶10.    The foregoing incident and the resulting injuries and damages were proximately caused by the negligent conduct of Defendants.

¶11.    Centeno owed Plaintiff the duty to exercise reasonable care in the operation of his vehicle and Ceteno breached that duty when he failed to operate his vehicle in a safe, reasonable, and prudent manner.

¶12.    As a result of the collision, Plaintiff suffered severe and numerous injuries including injuries to his head, neck, back, and other injuries. Said injuries were slow to heal and Plaintiff suffered pain that requires continuing care.

¶13.    Specifically, Plaintiff's entire body was bruised, battered and contused and Plaintiff suffered great shock to his entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiffs' health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for his entire life. These specific injuries and their ill effects have, in turn, caused Plaintiff physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, caused Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental

pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

¶14. Additionally, as a direct and proximate result of the subject collision, Plaintiff was caused to incur the following damages:

   a. Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in county they were incurred;
   b. Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;
   c. Physical pain and suffering in the past;
   d. Physical pain and suffering, which will, in all reasonable probability be suffered in the future;
   e. Physical impairment in the past;
   f. Physical impairment, which will, in all reasonable probability be suffered in the future;
   g. Loss of wages in the past;
   h. Loss of earning capacity, which will, in all reasonable probability be incurred in the future;
   i. Mental anguish in the past;
   j. Mental anguish which will, in all reasonable probability be suffered in the future;
   k. Fear of future disease or condition;
   l. Disfigurement; and
   m. Cost of medical monitoring and prevention in the future.

¶15. The foregoing damages will be in an amount, to be proven at trial, greater than $75,000.00.

### III. CAUSE OF ACTION - NEGLIGENCE
*Nelson Centeno and 4-TB, Inc.*

¶16. Plaintiff reasserts each and every matter or thing asserted in paragraphs 1 through 15 as if fully set forth herein.

¶17. The subject collision, and the resulting injuries and damages to Plaintiff, were proximately caused by the negligent conduct of Defendants. Centeno operated the vehicle he was driving in a negligent manner because he violated the duty which he owed the Plaintiff to exercise ordinary care

3

in the operation of his motor vehicle in one or more of the following respects:

    a.    in failing to keep a proper lookout or such lookout which a person of ordinary prudence would have maintained under same or similar circumstances;
    b.    in failing to timely apply the brakes of the vehicle in order to avoid the subject collision;
    c.    in failing to turn the vehicle in an effort to avoid the subject collision;
    d.    in failing to maintain control of his vehicle;
    e.    in operating his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances;
    f.    in failing to stop at a stop sign that controlled his path of travel; and
    g.    was otherwise negligent.

¶18. As a result of Defendants' negligence, Plaintiff has suffered and will continue to suffer from mental anguish, emotional distress, and pain and suffering.

¶19. As a result of Defendants' negligence, Plaintiff also suffered economic damages, medical bills, lost wages and other expenses.

## IV. CAUSE OF ACTION - RESPONDEAT SUPERIOR
*4-TB, Inc.*

¶20. Plaintiff reasserts each and every matter or thing asserted in paragraphs 1 through 19 as if fully set forth herein.

¶21. 4-TB Inc. was negligent under the theory of *respondeat superior* in that Centeno was acting within the course and scope of his employment with 4-TB at the time the subject collision occurred.

¶22. In addition, 4-TB was negligent in one or more of the following aspects:

    a.    negligent hiring;
    b.    negligent entrustment;
    c.    negligent driver qualifications;
    d.    negligent training and supervision;
    e.    negligent retention;
    f.    negligent management; and
    g.    negligent maintenance

¶23. 4-TB is liable to Plaintiff for the injuries and damages sustained by Plaintiff under the theory of *respondeat superior* and vicarious liability.

### V. CAUSE OF ACTION - PUNITIVE DAMAGES
*4-TB, Inc.*

¶24. Plaintiff reasserts each and every matter or thing asserted in paragraphs 1 through 23 as if fully set forth herein.

¶25. 4-TB's acts and omissions with regard to the subject collision were the result of oppression, fraud, and/or actual malice against the rights and interests of Plaintiff.

¶26. 4-TB's failure to properly hire, train, supervise, and manage its employees exhibits oppression, fraud, and/or actual malice against the rights and interests of Plaintiff.

¶27. Plaintiff is entitled to the maximum award of punitive damages allowed by law.

¶28. WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1. For a judgment of general damages against Defendant in an amount to be determined at trial;
2. For a judgment of special damages against Defendant in an amount greater than $75,000, to be proven at trial;
3. For Plaintiff's costs, attorneys' fees, and interest, (if allowed by law or equity); and
4. For such relief as the Court deems just and equitable.

Dated this 14th day of January, 2019.

                LARSON LAW FIRM, P.C.

                /s/ Mark V. Larson
                Mark V. Larson (ID #03587)
                1020 North Broadway
                P.O. Box 2004
                Minot, ND 58702-2004
                (701) 839-1777
                larslaw@srt.com

                *-and-*

                THOMAS J. HENRY LAW FIRM
                Travis Venable (TX ID#71543)
                5711 University Heights, Suite 101
                San Antonio, TX 78249
                (210) 656-1000
                tvenable@thomasjhenrylaw.com
                **Pro Hac Vice admission pending*

                ATTORNEYS FOR THE PLAINTIFF

**DEMAND FOR JURY TRIAL**

Plaintiff herein demands a trial by jury of the maximum number of jurors permitted by law.

                /s/ Mark V. Larson
                Mark V. Larson (ID#03587)